CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/16/2022
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

MICHAEL C.,

        *Plaintiff,*

v.

KILOLO KIJAKAZI,

        *Defendant.*

CASE NO. 6:19-cv-00020

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

  This matter is before the Court on a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff Michael C. ("Plaintiff"). Dkt. 38. Plaintiff's motion will be denied because the Government's litigation position was substantially justified.

## I. Background

  On April 30, 2018, an administrative law judge ("ALJ") denied Plaintiff's application for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. 9-1 p. 25. Following an unsuccessful appeal before the Social Security Administration's Appeals Council, Plaintiff filed a complaint in this Court under 42 U.S.C. § 405(g) seeking review of the administrative determination and requesting remand. Dkt. 1. Plaintiff argued both that the ALJ erred in his substantive analysis and that the ALJ was improperly appointed under the Appointments Clause of the United States Constitution, and thus lacked authority to hear his case. Dkt 14. This Court eventually entered remand on the latter ground. Dkt. 36.

Currently before the Court is Plaintiff's motion for attorney's fees. Dkt. 38. Plaintiff's opening brief took the position that attorney's fees were warranted because it was unreasonable for the Government to oppose remand once it became clear that the ALJ who heard his case had not been properly appointed. The Magistrate Judge disagreed, finding that the Government's litigation position—that Plaintiff had forfeited his Appointments Clause challenge by not raising it before the ALJ—was substantially justified, despite being ultimately unsuccessful. Dkt. 41. Rather than challenge that conclusion, Plaintiff's objections to the Report and Recommendation ("R&R") raise the new and distinct argument that he should be awarded attorney's fees because even if the Government's position concerning the ALJ's appointment was substantially justified, the Government's defense of the ALJ's substantive analysis was not. Dkt. 42.

## II. Standard of Review

The Court conducts a de novo review of those portions of the R&R to which Plaintiff objects. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. Analysis

The EAJA allows certain litigants who prevail against the United States to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A).[1] The

---

[1] It is undisputed that Plaintiff is the prevailing party under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (holding that a social security plaintiff is the prevailing

Supreme Court has explained that a litigation position is substantially justified when it has "a reasonable basis in law and fact"—i.e., when a reasonable person could have taken the position to be correct. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

According to Plaintiff, the ALJ erred by failing to explain an apparent inconsistency between two of his conclusions. Those being: (1) his finding that the opinion of a state agency psychological expert, Dr. Fearer, was deserving of "great weight", Dkt. 9-1 p. 21; and, (2) his finding that Plaintiff had only a "mild" limitation in sustaining concentration, persisting, or maintaining pace, *id*. at 16. According to Plaintiff, these conclusions are incompatible because, in February of 2015, Dr. Fearer found that Plaintiff had "moderate" "difficulties" sustaining concentration, persistence, or pace. *Id*. at 114, 128.[2]

In his initial R&R on Plaintiff's motion for remand, the Magistrate Judge adopted the Government's position that the ALJ's analysis was sound, and that any apparent inconsistency was adequately explained. Dkt. 27 pp. 8–12. As the Government argued in its brief on the motion for summary judgment, Dkt. 19 ("Government's SJ Brief") p. 14, an ALJ's finding that a medical authority is deserving of "great weight" does not bind him to each and every medical opinion issuing from that authority. *See* Dkt. 27 p. 11 (citing authorities). Moreover, the ALJ otherwise fulfilled his obligation to explain his finding of a "mild" limitation. *See Monroe v.*

---

party when her case is remanded pursuant to the fourth sentence of 42 U.S.G. § 405(g)). The dispute is solely over whether the Government's forfeiture argument was substantially justified.

[2] Plaintiff actually argued that the inconsistency extended to both state agency experts whose opinions were afforded "great weight" by the ALJ. Dkt. 42 p. 2. However, the other expert marked "No" in response to the inquiry, "Are any other capabilities (such as the ability to concentrate, persist, or maintain pace and the ability to adapt or manage oneself) affected by the impairment." Dkt. 10-9 p. 566.

*Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion"). The ALJ stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a mild limitation before the established onset date. The claimant reported in July 2015 that he was able to handle money management (Exhibit 7E, 4). He indicated that he did not follow written instructions well, but he was able to follow spoken instructions (Exhibit 7E, 6). Mental status exams between November 2015 and March 2017 showed no evidence of impairment to attention. He responded to inquiry with appropriate response and concentration appeared intact (Exhibit 8F, 3, 7, 13, 17, 21, 10F, 3).

Dkt 9-1 p. 16. While it would certainly have been preferrable for the ALJ to address Dr. Fearer's opinion, so that we are not left to wonder whether it was overlooked, *see Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015), the consensus of countervailing evidence reviewed by the ALJ is sufficient to render the Government's defense of the ALJ's decision a reasonable one. This is not a situation in which the ALJ clearly "cherrypick[ed] facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

## IV. Conclusion

For the reasons stated above, the Court finds that the Government's litigation position was substantially justified. Therefore, the Court will adopt the Magistrate's R&R, Dkt. 41, and deny Plaintiff's motion for attorney's fees, Dkt. 38.

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this __16th__ day of May 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE